2622-CC00591

Electronically Filed - City of St. Louis - March 25, 2026 - 03:41 PM

**IN THE CIRCUIT COURT OF THE CITY OF SAINT LOUIS, MISSOURI**

| | |
|---|---|
| DANIEL J. DIAL AND JASON RIGSBY, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| v. | ) |
| | ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) |
| Serve at: | ) |
| CSC-Lawyers Incorporating | ) |
| Service Company, | ) |
| 221 Bolivar Street, | ) |
| Jefferson City, Missouri 65101 | ) |
| | ) |
| *Defendant.* | ) |

Case No. _____

Division No. _____

**PLAINTIFFS' PETITION FOR DAMAGES**

COMES NOW, Plaintiffs Daniel J. Dial and Jason Rigsby ("Plaintiffs"), by and through their undersigned counsel, and for their causes of action against Defendant, State Farm Fire and Casualty Company ("State Farm" or "Defendant"), state and avers as follows:

**GENERAL ALLEGATIONS**

1. At all times relevant to this action, Plaintiffs, Daniel J. Dial and Jason Rigsby are individuals who own the property situated at 5220 Washington Place, Saint Louis, Missouri 63108.

Electronically Filed - City of St. Louis - March 25, 2026 - 03:41 PM

2. At all times relevant to this action, Defendant State Farm Fire and Casualty Company was and is a foreign insurance corporation with its principal place of business in Bloomington, Illinois, and it is authorized to transact business in the State of Missouri.

3. Defendant is presently in good standing with the Missouri Department of Insurance.

4. Defendant conducts a systematic and routine business in the State of Missouri, including in Saint Louis, and is subject to the long arm statutes of Missouri. Defendant may be served with the Summons and Petition by serving its registered agent, CSC-Lawyers Incorporating Service Company, located at 221 Bolivar Street, Jefferson City, Missouri 65101.

5. Venue is proper in the City of Saint Louis pursuant to RSMo. § 508.010.4, in that the Plaintiffs were first injured by the acts or conduct of Defendant in the City of Saint Louis, Missouri.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

6. This suit arises from Defendant's wrongful actions in the handling of Plaintiffs' claims under the insurance policy for damages to Plaintiffs' property caused by a severe tornado event, occurring in the City of Saint Louis on May 16, 2025 (hereinafter "the Tornado").

7. The lawsuit concerns a contract for insurance that was written and issued by State Farm Fire and Casualty Company.

8. The policy at issue bears policy number 25-CD-R130-5 (hereinafter the "Policy") and provided coverage for the residential property located at 5220 Washington

Electronically Filed - City of St. Louis - March 25, 2026 - 03:41 PM

Place, Saint Louis, Missouri 63108 (hereinafter the "Property"). Plaintiffs are residents of the State of Missouri, and Defendant issued and delivered the Policy in the State of Missouri to Plaintiffs.

9. On or about May 16, 2025, an EF-3 tornado with maximum winds of approximately 152 miles per hour moved through the St. Louis area and caused substantial, direct physical damage to the Property and surrounding homes and businesses. The Property's damage constitutes a covered loss under the Policy issued by Defendant for which Defendant is obligated to provide benefits in accordance with the Policy's terms and claims provisions. The Tornado caused significant damage to Plaintiffs' roofing system requiring a full tear-off and replacement. The Tornado also damaged multiple windows, all of which require replacement. The widespread and significant exterior damage, combined with the intense tornadic winds, allowed water and debris to intrude into the Property, causing extensive interior damage.

10. After the Tornado event, Plaintiffs filed an insurance claim under their Policy with Defendant for the damage caused to the Property. Defendant assigned the loss claim number 25-84X8-04V. At all times, Plaintiffs made themselves and the Property available to and fully cooperated with Defendant and its representatives to inspect and investigate damages caused by the Tornado.

11. In addition to the damage to the roofing systems and windows, several other portions of the exterior sustained significant damage, including, but not limited to, the plywood sheathing, damaged soft metals, HVAC system; and drip edge. Plaintiffs' estimate also extends to interior finishes and structural elements impacted

Electronically Filed - City of St. Louis - March 25, 2026 - 03:41 PM

by water intrusion and prolonged exposure.

12. As a result of the water and debris intrusion to the Property's interior, Plaintiffs engaged the services of professional mitigation company, Restopros. Restopros deployed dehumidifiers, HEPA filtration and air scrubbers, and performed other emergency dry-out services that were reasonable, necessary, and consistent with industry standards. ServePro also boarded broken window openings. Defendant has not fully paid these mitigation invoices, despite clear documentation and the urgent need for the work to have been performed.

13. The water and debris intrusion to the Property damaged finishes and fixtures across multiple rooms. Plaintiffs' estimate calls for restoration and remodel of impacted drywall, baseboards, flooring, and paint costs to restore the Property to its pre-loss condition. The intrusion also damaged personal property/contents, requiring replacement of area rugs, various tables and chairs, artwork, desk, speakers, lamps, and beds, among other items. Each category reflects direct, tornado related damage supported by photographs, estimates, invoices, and expert reports, with pricing consistent with prevailing market rates. Defendant's failure to fully indemnify Plaintiffs for these necessary replacements and repairs constitutes a clear breach of the insurance contract concerning damage from direct physical loss caused by the covered peril.

14. Upon Plaintiffs' filing of their claim, Defendant assigned adjuster, LaMia Moore, to investigate the loss. Ms. Moore subsequently failed to perform a proper inspection of the Property during her May 27, 2025 inspection and wrongfully under-scoped

Electronically Filed - City of St. Louis - March 25, 2026 - 03:41 PM

the damage. Defendant, through Ms. Moore, vastly underestimated the damage to the Property, overlooking critical damage to the roofing systems, windows, plaster walls, and baseboards, among other reasonable and necessary repairs. Moreover, Defendant has failed to properly provide adequate coverage for any damaged contents/personal property. Furthermore, Defendant failed to provide Plaintiffs with any explanation detailing its findings and determinations, or the basis for those determinations. Finally, since Ms. Moore's initial inspection, Defendant has reassigned the claim twice to new adjusters. This constant staff overhaul damaged continuity, delayed decision-making, and impeded the efficient and effective adjustment of Plaintiffs' claim.

15. Defendant conducted an unreasonable and insufficient investigation of the claim and failed to document all the damage to the Property caused by the Tornado, despite the clear evidence of covered damages. Specifically, Defendant allowed only $116,667.78 in Replacement Cost Value ("RCV") funds under the Dwelling coverage and $8,837.12 in RCV funds under Other Structures coverage. These amounts fall woefully short of the actual damage that was clearly visible from the Tornado. Based on the estimate provided by its assigned adjuster, Ms. Moore, Plaintiff received $84,249.34 in Actual Cash Value ("ACV") payments. These payments were grossly inadequate and failed to provide Plaintiffs with the resources necessary to restore the Property to its pre-loss condition.

16. As a result of Defendant's improper investigation, Plaintiffs were forced to engage the professional services of several industry professionals and estimate writers to

Electronically Filed - City of St. Louis - March 25, 2026 - 03:41 PM

accurately identify and quantify their losses.

17. Due to the significant storm water and debris intrusion, Plaintiffs retained industrial hygienist Erik Murray, MS, CIEC, or FIH, LLC ("FIH") to perform a storm water damage assessment of the Property. On or about August 12, 2025, FIH inspected the Property and issued a written report. FIH documented widespread wind-related damage to the roofing system, windows, and exterior walls. FIH further identified elevated moisture within interior wall assemblies on all three floors, water staining on the second and third floors, and structural cracking in walls and ceilings. FIH further observed numerous damaged window frames and broken panes that permitted storm water and debris to enter throughout the Property. Crucially, FIH identified the intruding water as IICRC Category 3, consistent with tornado events. Category 3 water is defined as water contamination from wind-driven stormwater combined with soil, organic debris, and other pollutants. Category 3 water presents significant health risks and renders affected building materials and contents unsafe for occupancy and use. As a result, industry standards require removal and disposal of porous materials and contents exposed to such contamination, as well as comprehensive cleaning and sanitation of all remaining surfaces.

18. Based on these findings, FIH recommended the exterior building envelope of the Property be temporarily sealed to prevent further moisture intrusions. FIH indicated that mitigation efforts should be taken including removal of porous stormwater damaged building materials, sanitation of all non-porous building materials, indoor surfaces, contents, and furnishings. Due to the presence of Category 3 water, FIH

Electronically Filed - City of St. Louis - March 25, 2026 - 03:41 PM

recommended remediation activities including, but not limited to, drying, cleaning, and possible removal of unsalvageable storm water damaged building materials. These recommendations reflect reasonable, necessary, and industry-standard remediation and mitigation required to return the Property to a safe, habitable condition.

19. Plaintiffs retained Elite Contracting and Consulting ("Elite") to assist in evaluating the damage and inspect the Property. Following the inspection, Elite provided an estimate regarding the necessary repairs to the Property, totaling $1,828,930.40. Elite's estimate required a full roof replacement of the Property's roofing system. Elite also recommended several other significant repairs, including, but not limited to: removal and replacement of damaged windows; removal and replacement plywood sheathing; removal and replacement of damaged soft metals; removal and replacement of Plaintiffs' HVAC system; and drip edge. Additionally, Elite's estimate included several significant repairs to the Property's interior, including but not limited to paint costs; removal and replacement of plaster walls; removal and replacement of baseboards; and removal and replacement of damaged flooring.

20. As a result of the Category 3 water intrusion described above, Plaintiffs retained Sorted, LLC ("Sorted") to conduct a comprehensive contents and personal property inventory. Sorted returned a detailed contents inventory identifying 642 tornado damaged items requiring replacement, which totaled $2,416,403.27. The inventory included but is not limited to area rugs; tables and chairs; sconces; speakers; wall art; coffee tables; lamps; and beds. Given the Category 3 water contamination the

Electronically Filed - City of St. Louis - March 25, 2026 - 03:41 PM

items contained in Sorted's inventory are not reasonably cleanable to a pre-loss hygienic condition and are therefore unsalvageable. Replacement of the inventoried items is reasonable, necessary, and consistent with industry standards for Category 3 contamination.

21. Although all the damage was covered under the policy, Defendant failed to properly inspect the Property and intentionally and knowingly ignored the severe damage and denied and underpaid Plaintiffs' claim. Specifically, Defendant allowed $116,667.78 in RCV funds under the Dwelling coverage and $8,837.12 in RCV funds under Other Structures coverage, resulting in a payment of $84,499.34 ACV payments.

22. Conversely, Elite issued a comprehensive estimate of covered property damages totaling $1,828,930.40. The extent of the discrepancies between Plaintiffs' estimates, invoices, and expert reports and Defendant's minimal payments to date illustrates Defendant's unreasonableness throughout the entirety of the claims process. Defendant has failed to fully indemnify the covered losses sustained by Plaintiffs, and left Plaintiffs without the funds necessary to restore the Property to its pre-loss condition.

23. Defendant's assigned adjuster failed to fully quantify Plaintiffs covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiffs' claim and/or intentionally adjusted Plaintiffs' claim improperly.

24. Defendant did not allow for adequate funds to cover the cost of repairs and grossly

Electronically Filed - City of St. Louis - March 25, 2026 - 03:41 PM

undervalued all of the damage sustained to the Property. Defendant grossly underestimated the scope of damage sustained to Plaintiffs' Property as a result of the Tornado.

25. As a result of Defendant's gross underestimation of the damage, Plaintiffs requested Defendant to reconsider its position regarding Defendant's estimates. Defendant stated they reevaluated the information surrounding the claim but then continued to deny and underpay Plaintiffs' claim.

26. It is Defendant's contractual duty to pay Plaintiffs the entire amount due under the Policy for the losses and damages they sustained as a result of the May 16, 2025 Tornado.

27. Defendant did not act fairly and honestly toward Plaintiff with due regard to Plaintiffs' claim when Defendant failed to compensate Plaintiffs for the storm damages. This denial and underpayment is in direct breach of the terms and conditions of the Policy. Under the totality of circumstances Defendant could and should have compensated Plaintiffs, had it acted fairly and honestly.

28. Defendant failed to perform its contractual duties to adequately compensate for Plaintiffs under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy. A due demand was made by Plaintiffs for proceeds to be in an amount sufficient to cover the damaged Property.

29. On or about November 19, 2025, and again on January 29, 2026, more than thirty (30) days prior to the filing of this Petition, Plaintiff made due demand on Defendant for payments under and in accordance with the Policy for the covered losses

Electronically Filed - City of St. Louis - March 25, 2026 - 03:41 PM

described herein and for payments to be in an amount sufficient to cover the damaged Property.

30. Defendant has failed and refused for a period of more than thirty (30) days after said due demand, prior to the institution of this action, to make payment under and in accordance with the Policy.

31. Plaintiffs have fulfilled all contractual obligations and conditions of precedent under the Policy prior to initiating this lawsuit, or the same was waived.

32. To date, Defendant has refused to properly adjust and pay Plaintiffs' claim.

## <u>COUNT I – BREACH OF CONTRACT</u>

COMES NOW, Plaintiffs for Count I of their Petition against Defendant and allege the following:

33. Plaintiffs restate all previous allegations as if fully set forth herein.

34. At all times relevant, Plaintiffs were insured under a contract of insurance issued by Defendant that was in full force and effect at the time of Plaintiffs' losses at issue in this lawsuit.

35. Defendant agreed to provide Plaintiffs with insurance in exchange for payment of money.

36. Defendant has refused to properly acknowledge a covered loss that occurred.

37. Plaintiffs fulfilled all their obligations under the Policy, including the payment of certain premiums to secure insurance, or tendered performance pursuant to the contract.

38. Defendant, after repeated demands, has failed and refused to honor and pay

Electronically Filed - City of St. Louis - March 25, 2026 - 03:41 PM

Plaintiffs' legitimate insurance claim as required by the insurance contract drafted by Defendant.

39. Defendant's refusal to pay claimed benefits in accordance with the Policy constitutes a breach of contract.

40. Plaintiffs have suffered damages caused by the Defendant's breach of contract.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant for damages that are fair and reasonable, for its costs included herein, attorney's fees, and for all other damages and appropriate relief as the Court deems fair and reasonable.

## COUNT II – VEXATIOUS REFUSAL §375.296 RSMO. & §375.420 RSMO.

COMES NOW, Plaintiffs for Count II of their Petition against Defendant and allege the following:

41. Plaintiffs restate all previous allegations as if fully set forth herein.

42. Plaintiffs bring this action to enforce the obligations of a contract written, issued, and delivered by Defendant.

43. Defendant has a contractual duty to provide insurance coverage in circumstances such as this where there is a loss.

44. Defendant breached its contract of insurance by refusing to properly adjust or pay the full amount of Plaintiffs' loss under the Policy.

45. Defendant failed to adopt and implement reasonable standards for a prompt and adequate investigation of claims arising under its policies.

46. Defendant refused to pay a claim without conducting a reasonable and adequate investigation with respect to the claim.

Electronically Filed - City of St. Louis - March 25, 2026 - 03:41 PM

47. Plaintiffs have complied with all terms and conditions under the Policy drafted by Defendant.

48. Defendant knowingly committed to the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices.

49. Defendant knowingly committed to the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices. Defendant failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim without reasonable cause or excuse, and Defendant's refusal to pay the claimed loss is without reasonable cause or excuse. Defendant's failure and refusal are, therefore, vexatious within the meaning of RSMo. §375.420.

50. Plaintiffs seek the amount due under Plaintiffs insurance contract, and interest thereon, and additionally seeks the statutory penalties and damages due to the Plaintiffs caused by Defendant's vexatious refusal to pay, as well as attorney's fees and costs as provided under §375.296 RSMo. and §375.420 RSMo.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant for the contracted coverage, plus statutory penalties under RSMo. §375.420 consisting of twenty percent of the first fifteen hundred dollars in benefits and ten percent of the excess over fifteen hundred dollars, for prejudgment interest as allowed by law, costs incurred herein, plus attorneys' fees as provided by RSMo. §375.420, and other damages as the Court deems fair and reasonable.

## <u>DEMAND FOR JURY</u>

51. Plaintiffs hereby request a jury trial on all issues triable.

Electronically Filed - City of St. Louis - March 25, 2026 - 03:41 PM

## RESULTING LEGAL DAMAGES

52. Plaintiffs restate all previous allegations as if fully set forth herein.

53. Plaintiffs are entitled to the actual damages resulting from Defendant's violations of the law. This damage includes the consequential damage to its economic welfare from the wrongful denial and delay of benefits and the other actual damages permitted by law.

54. Plaintiffs are entitled under law to the recovery of prejudgment interest at the maximum legal rate.

55. Plaintiffs are also entitled to the recovery of attorneys' fees.

**WHEREFORE**, PREMISES CONSIDERED, Plaintiffs respectfully request that they have judgment against Defendant for actual damages, pre- and post-judgment interest as allowed by law, costs of suit, punitive damages, and all other relief, at law or in equity, to which Plaintiffs may be entitled.

**Respectfully Submitted,**

**RESTORATION   LEGAL   GROUP, PLLC**

*/s/ Andrew D. Ferrell*

**Andrew D. Ferell**
MO Bar No. 67468
12822 Plattsburg Road
Kearney, Missouri 64060

Electronically Filed - City of St. Louis - March 25, 2026 - 03:41 PM

T:      **(816) 560-5391**

E:      **andrew@myrestorationgroup.com**

and

**STORM LAW PARTNERS, PLLC**

*/s/ Derek L. Fadner (pro    hac    vice pending)*
**Derek L. Fadner**
1000 Main Street, Suite 2300
Houston, TX 77002
T:      **(832) 323-3000**
E:      **derek@stormlawpartners.com**
        **service@stormlawpartners.com**

***ATTORNEYS FOR PLAINTIFF***