IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL J. DIAL and<br>JASON RIGSBY, | ) | |
| | ) | |
| | ) | Case No.:    4:26-cv-00562-CMS |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE FARM FIRE AND<br>CASUALTY COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER TO PLAINTIFFS' PETITION

COMES NOW Defendant State Farm Fire and Casualty Company, by and through its attorneys, and for its Answer to Plaintiffs' Petition hereby states as follows:

1.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 1 and therefore denies same.

2.    Admit.

3.    Admit.

4.    Admit.

5.    Denied.

### FACTUAL ALLEGATIONS

6.    Denied.

7.    Admit.

8.    Admit.

9.    Defendant admits that on May 16, 2025 there was an EF-3 tornado that moved through St. Louis and that there was some damage to the property as well as surrounding homes

and businesses. The damage caused by the storm would be a covered loss under the policy, but denies the remainder of this Paragraph.

10.    Defendant admits that it assigned Claim Number to the loss, but denies the remainder of this Paragraph.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Defendant admits that it provided an estimate, but denies the remainder of this Paragraph.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

## COUNT I

33.     Defendant restates and incorporates by reference its responses to Paragraphs 1-32 as if more fully set forth herein.

34.     Admit.

35.     Admit.

36.     Denied.

37.     Defendant is unsure what is meant by Plaintiffs' "obligations under the Policy" and therefore denies this Paragraph. Defendant admits that premiums were paid for the insurance.

38.     Denied.

39.     Denied.

40.     Denied.

## COUNT II

41.     Defendant restates and incorporates by reference its responses to Paragraphs 1-40 as if more fully set forth herein.

42.     Denied.

43.     Admit.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

## JURY DEMAND

51.     Admit. Defendant requests jury trial as well.

## DAMAGES

52.     Defendant restates and incorporates by reference its responses to Paragraphs 1-51 as if more fully set forth herein.

53.     Denied.

54.     Denied.

55.     Denied.

## AFFIRMATIVE DEFENSES

56.     By way of further answer and defense, Defendant states that the total amount of Plaintiffs' recovery is limited to actual cash value until such time as the Property is in fact repaired or replaced. Any such repair or replacement must be made pursuant to the terms and conditions contained within the Policy in order to receive replacement cost benefits.

57.     By way of further answer and defense, Defendant states that the additional coverage for trees, shrubs and landscaping is limited to loss caused by "fire or lightning, explosion, riot or civil commotion, aircraft vehicles, vandalism or malicious mischief or theft…" and there is no coverage for damage to trees and shrubs caused by hail or wind.

58.    By way of further answer and defense, Defendant states that there is no coverage under the Policy for damage consisting of "wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown," or "wet or dry rot," or "settling, cracking, shrinking, bulging or expansion of pavements, patios, foundations…walls, floors, roofs or ceilings." To the extent Plaintiffs' claim includes items of damage caused by these causes of loss, there is no coverage under the Policy.

59.    By way of further answer and defense, Defendant states there is no coverage under the Policy for any damage caused by "neglect, meaning neglect of the insured to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered."

60.    By way of further answer and defense, Defendant states there is no coverage under the Policy for any damage caused by fungus:

> 2. *We* will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. *We* will not pay for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the *residence premises*, arises from any natural or external forces, or occurs as a result of any combination of these: …
>
> > … g. *Fungus*, including:
> >
> > > (1) any loss of use or delay in rebuilding, repairing, or replacing covered property, including any associated cost or expense, due to interference at the *residence premises* or location of the rebuilding, repair, or replacement, by *fungus*;
> > >
> > > (2) any remediation of *fungus*, including the cost to:
> > > > (a) remove the *fungus* from covered property or to repair, restore, or replace that property; or
> > > > (b) tear out and replace any part of the *building structure* or other property

as needed to gain access to the **fungus**; or

(3) the cost of any testing or monitoring of air
or property to confirm the type, absence,
presence, or level of **fungus**, whether performed
prior to, during, or after removal, repair,
restoration, or replacement of covered
property.

To the extent Plaintiffs' claim includes items of damage caused by these causes of loss, there is no coverage under the Policy.

61.     By way of further answer and defense, any recovery had by Plaintiffs should be reduced in proportion to Plaintiffs' own failure to mitigate their loss and damages.

62.     By way of further answer and defense, Defendant states that Plaintiffs' prayer for punitive damages should be stricken as no facts have been alleged that would permit Plaintiffs to recover punitive damages.

WHEREFORE, having fully answered Plaintiffs' Petition, Defendant State Farm Fire and Casualty Company prays to be dismissed hence, for its costs, and for any further such relief as the Court deems necessary and proper.

**/s/ James A. Wilke**
Daniel E. Wilke #24464MO
James A. Wilke #51242MO
WILKE & WILKE, P.C.
Attorneys for Defendant
2708 Olive Street
St. Louis, Missouri 63103
(314) 371-0800
Fax: 314-371-0900
wilke@wilkewilke.net
jwilke@wilkewilke.net

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that I signed the original of this document and that the signed original will be maintained for a period of time not less than the maximum time allowed to complete the appellate process. I hereby certify that on April 17, 2026 the foregoing was filed electronically with the Clerk of Court to be served via operation of the Court's electronic filing system upon the following:

Andrew D. Ferell
Restoration Legal Group, PLLC
12822 Plattsburg Road
Kearney, Missouri 64060
T: (816) 560-5391
E: andrew@myrestorationgroup.com
Attorney for Plaintiffs

Derek L. Fadner
Storm Law Partners, PLLC
1000 Main Street, Suite 2300
Houston, TX 77002
T: (832) 323-3000
E: derek@stormlawpartners.com
service@stormlawpartners.com
Attorney for Plaintiffs

            **/s/ James A. Wilke**

JAW:ksw