**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL J. DIAL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00562 CMS |
| | ) | |
| STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## CASE MANAGEMENT ORDER- TRACK 2: STANDARD

This matter is before the Court following submission by the parties of a proposed joint scheduling plan. Counsel should refer to the Court's website, http://www.moed.uscourts.gov, for the Local Rules, CM/ECF Procedures Manual, Daily Docket, Forms, Courtroom Technology, Jury Plan, and Judge's Contact Information and Requirements.

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri,

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances and an Order of this Court:

## I.  SCHEDULING PLAN

1.  This case has been assigned to Track 2 (Standard).

2.  All motions for joinder of additional parties or amendment of pleadings shall be filed by **July 31, 2026**.

3.  Disclosure shall proceed in the following manner:

(a)  The parties shall make all disclosures required by Fed. R. Civ. P. 26(a)(1) by **June 26, 2026**.

(b)(i)  Plaintiff shall disclose all expert witnesses and shall provide the reports required by Fed. R. Civ. P. 26(a)(2) by **October 23, 2026**, and shall make expert witnesses available for depositions and have depositions completed by **December 4, 2026**.

(b)(ii)  Defendant shall disclose all expert witnesses and shall provide the reports required by Fed. R. Civ. P. 26(a)(2) by **January 15, 2027**, and shall make expert witnesses available for depositions and have depositions completed by **February 26, 2027**.

(c)  The presumptive limits of ten (10) depositions per party as set forth in Fed. R. Civ. P. 30(a)(2)(A) and twenty-five (25) interrogatories per party as set forth in Fed. R. Civ. P. 33(a) shall apply. Each deposition must be limited to seven hours.

(d)  Requests for physical or mental examinations of parties pursuant to Fed. R. Civ. P. 35 are not anticipated.

(e)  The parties shall complete all discovery in this case by **March 12, 2027**. Discovery requests must be served sufficiently prior to this date to allow the full response time before the completion date.

(f)  If any discovery dispute arises, the parties shall raise the dispute in a diligent and timely manner. Absent a showing of good cause, no discovery dispute may be raised with the Court more than **seven (7) days following the discovery deadline set out above.**

(i) Before raising any discovery dispute with the Court, counsel must confer in person or by telephone with opposing counsel in good faith or make reasonable efforts to do so, in compliance with Local Rule 3.04.

(ii) If, after sincere efforts to resolve their dispute, counsel are unable to reach an accord, the moving party must request a conference with the Court before moving for any order relating to discovery.

4.  This case shall be referred to alternative dispute resolution on **September 21, 2026**, and the referral shall terminate on **November 20, 2026**.

5.  All dispositive motions, including any motion to exclude testimony pursuant to *Daubert v. Merrell Dow Pharm., Inc.* or *Kumho Tire Co. Ltd. v. Carmichael* must be filed by **March 26, 2027**. Opposition briefs shall be filed by **April 26, 2027**, and reply briefs shall be filed by **May 10, 2027**.

The filing of a motion (including a discovery motion, motion for summary judgment, motion to dismiss, etc.) does not excuse the parties or their counsel from fully complying with this Order.

No later than <u>twenty-one (21) days preceding the deadline for completion of discovery</u>, any party may request **in a written motion** that the Court hold a supplemental conference to discuss issues of scheduling and management of the action.  **WHETHER TO GRANT SUCH A REQUEST IS A MATTER FOR THE COURT'S DISCRETION**.

## II. ORDER RELATING TO TRIAL

**IT IS HEREBY ORDERED** that the <u>**JURY**</u> trial in this action is set on <u>**Monday, August 2, 2027, at 09:00 a.m. in Courtroom 10 South.**</u>  This is a three-week docket, and the parties are expected to be ready and available for trial on the first day of the docket and thereafter.

Pursuant to Local Rule 8.04 the Court may tax against one or all parties the *per diem*, mileage, and other expenses of providing a jury for the parties, when the case is terminated or settled by the parties at a time too late to cancel the jury attendance or to use the summoned jurors in another trial, unless good cause for the delayed termination or settlement is shown.

**Unless otherwise ordered by the Court, the attorneys shall, not less than <u>twenty (20) days prior to trial</u>:**

1.    **<u>Stipulation</u>**: Meet and jointly prepare and file with the Clerk a

**JOINT** stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used in *voir dire*).

2.    **Witnesses**:

(a)    Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

(b)    Except for good cause shown, no party will be permitted to call any witness not listed in compliance with this Order.

3.    **Exhibits**:

(a)    Mark for identification all exhibits to be offered in evidence at the trial. Plaintiffs shall use Arabic numerals (*e.g.*, Plaintiff Jones Exhibit 1), and defendants shall use letters (*e.g.*, Defendant Smith Exhibit A). Deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced.  The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

(b)    Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11) or 902(12), to opposing counsel for examination.  Prior to trial, the parties shall stipulate which

exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c)  Except for good cause shown, no party will be permitted to offer any exhibit not identified or not submitted by said party for examination by opposing counsel in compliance with this Order.  Any objection not made in writing at least <u>ten (10) days prior to trial</u> may be considered waived.

4.  **<u>Depositions, Interrogatory Answers, and Request for Admissions</u>**:

(a)  Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence.  At least <u>ten (10) days prior to trial</u>, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

(b)  Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order.  Any objections not made as above required may be considered waived.

5.  **<u>Instructions</u>**: Submit to the Court and to opposing counsel written requests for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions at least <u>ten (10) days prior to trial</u>,

in light of the opposing party's requests for instructions. (Each request must be supported by at least one pertinent citation.).

6. **Trial Brief**: Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

7. **Motions *In Limine***: File all motions *in limine* and submit a courtesy copy directly to the Court's chambers, at least fourteen (14) days prior to trial. Responses shall be filed at least seven (7) days prior to trial.

**By presenting to the Court any pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – self-represented parties and attorneys acknowledge they will be held responsible for its contents, including any portion generated with artificial intelligence. See Fed. R. Civ. P. 11(b).**

**Failure to comply with any part of this Order may result in the imposition of sanctions, including but not limited to dismissal of the action, entry of a default judgment, or restrictions on the admissibility of evidence. See Local Rule 5.04**.

Dated this 11th day of June, 2026.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE